Dear Mr. Wilbert:
This office is in receipt of your request for an opinion of the Attorney General in regard to changes in terms of office and compensation of the former police jurors of Iberville Parish upon adoption of the Home Rule Charter.
You indicate the Iberville Parish Police Jury became the Iberville Parish Council on October 31, 1997. You inform us that the police jurors had received $1,200.00 per month, hospitalization and health insurance through the Parish at no cost to them, as well as reimbursement for expenses incurred while conducting business in the parish. The new charter provides that the salary of council members shall be fixed at $856.00 per month, except the chair, who will receive $963.00. It further provides the council members may be reimbursed for expenses incurred while conducting official business of the Parish except for travel within the Parish, and health and hospitalization shall be provided to the council members at their own cost.
We note that Sec. 8-09 of the Charter, Schedule of Transition, provides, "On the date the first Parish President assumes office, those police jurors shall become Council members, and all remaining provisions of this Charter shall become effective on the date the newly elected Parish President takes office. The term of each of those initial Council members (the former police jurors) shall end at the expiration date of his/her current elected term as police juror."
As observed by this office in Atty. Gen. Op. No. 82-1093 it was by the will of the electorate under Art. VI, Sec. 5 that the home rule charter was approved, extending terms of the existing parish officials, and the provisions of the Home Rule Charter must prevail. The opinion noted that the Charter adopted by the electorate set forth that the Mayor and Board of Aldermen would continue to serve until 1984, the date for elected officials under the charter to take office whereupon the prior "offices shall cease to exist."
Herein we find the positions of police jurors ceased to exist under the Home Rule Charter when the first Parish President assumed office, whereupon, under the charter, they became council members until the end of the term for which elected. Thereafter, elections for the officials provided for by the Charter are to coincide with the 1999 elections for Governor for four year terms.
Under Section 8-09, Schedule of Transition, it provides that the police jurors in office would continue to serve as police jurors until the first Parish President assumed office, and "all remaining provisions of this Charter shall become effective on the date the newly elected Parish President takes office." Accordingly, their compensation could not be reduced until that date. At that time we find the position as police juror was abolished, and under the Charter the police jurors became Council members subject to the compensation as set forth in the charter adopted by the electorate.
With regard to compensation, it was noted in Atty. Gen. Op. No. 92-716 that expense allowances should be treated as additional compensation unless adequately documented itemization of expenses actually incurred in the performance of their public duties were obtained in order to be reimbursed. Significantly, in Atty. Gen. Op. 97-433 this office also set forth the position of the United States Department of the Treasury, Internal Revenue Service that, to the extent documentation is submitted by the public official to justify the business use of the automobile, the IRS does not require the transaction to be reported as compensation or income. If, however, documentation is inadequate to support the business reimbursement, the payment is presumed to be additional compensation. Citing Atty. Gen. Op. No 92-857, it was observed with flat monthly mileage allowance the unsupported portion of the reimbursement must be considered as compensation.
Therefore, any undocumented expense allowance would be compensation which could not be reduced until the position as police jurors ceased and that of councilmen began.
With the understanding that the police jurors had received the highest allowable income under the law, it would follow that the mileage was reimbursement. To conclude otherwise, it would have been illegal compensation. Moreover, we would consider mileage allowance under R.S. 33:1233 for going to and from the court houses for days actually employed in service of the parish as "reimbursement" rather than compensation inasmuch as this amount was not paid if traveling in a parish owned vehicle. In Atty. Gen. Op. No. 80-1310 this office concluded mileage allowance was payable in addition to the maximum compensation.
Additionally, as you observe, this office has concluded that paid insurance premiums are compensation and cannot be reduced during the term of office of the elected official. Atty. Gen. Op. Nos. 96-513. 96-380, 92-547. However, as observed above if these premiums were in addition to the highest compensation allowed, it was unlawful compensation, Atty. Gen. Op. Nos. 97-142, 91-54.
Having found that the council members continued in office as police jurors under the Home Rule Charter until the first parish president assumed office, their legal compensation, which would include salary, insurance premium payments and undocumented expenses allowance could not be reduced if it does not exceed the maximum compensation allowed by law until that date, but thereafter the provisions of the Home Rule Charter as to compensation would prevail.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR